**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Jose Manuel RODRIGUEZ–FALCON,
also known as Manuel Jesus Rodri-
guez–Falcon, also known as Manuel
Rodriguez–Falcon, Defendant–Appel-
lant.**

No. 05–41669
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Dec. 14, 2006.

James Lee Turner, Assistant U.S. Attor-
ney, U.S. Attorney's Office, Southern Dis-
trict of Texas, Houston, TX, for Plaintiff–
Appellee.

Marjorie A. Meyers, Federal Public De-
fender, Federal Public Defender's Office,
Southern District of Texas, Houston, TX,
for Defendant–Appellant.

Before REAVLEY, GARZA and
BENAVIDES, Circuit Judges.

PER CURIAM: *

Jose Manuel Rodriguez–Falcon (Rodri-
guez) pleaded guilty without a plea agree-
ment to unlawfully attempting to enter the
United States following deportation. At
sentencing, Rodriguez received a 16–level
sentencing enhancement under U.S.S.G.
§ 2L1.2(b)(1)(A)(i) based on a previous
Texas state conviction for delivery of her-
oin and was sentenced to 60 months of
imprisonment. Rodriguez contends that

the district court committed reversible
plain error when it enhanced his sentence
under § 2L1.2(b)(1)(A)(i). We reject the
Government's contention that Rodriguez
"invited," and thus waived this argument.
Defense counsel's remarks at sentencing
did not rise to the level of a concession
that the enhancement was proper.

Under plain error review, "the defen-
dant has the burden to show that there is
clear or obvious error and that it affects
substantial rights." *United States v.
Alaniz–Alaniz*, 38 F.3d 788, 791 (5th Cir.
1994). If the defendant carries that bur-
den, this court has the discretion to correct
the error if it "seriously affect[s] the fair-
ness, integrity or public reputation of judi-
cial proceedings." *Id.* (quotation marks
and citation omitted).

In order to show that the enhancement
of his sentence affected his substantial
rights, Rodriguez must have at least ar-
gued that his prior conduct did not consti-
tute drug trafficking. *See United States v.
Ochoa–Cruz*, 442 F.3d 865, 867 (5th Cir.
2006). Because he does not argue that the
enhancement under § 2L1.2(b)(1)(A)(i) was
ultimately wrong, Rodriguez has not
shown plain error. *Alaniz–Alaniz*, 38
F.3d at 791.

Rodriguez also challenges the constitu-
tionality of § 1326(b)'s treatment of prior
felony and aggravated felony convictions
as sentencing factors rather than as ele-
ments of the offense that must be found by
a jury in light of *Apprendi v. New Jersey*,
530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d
435 (2000). Rodriguez's constitutional
challenge is foreclosed by *Almendarez–
Torres v. United States*, 523 U.S. 224, 235,
118 S.Ct. 1219, 140 L.Ed.2d 350 (1998).
Although Rodriguez contends that *Almen-
darez–Torres* was incorrectly decided and

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi*, we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Rodriguez properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

AFFIRMED.